UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LAWRENCE CHAVEZ<br>*Plaintiff*,<br><br>v.<br><br>TOUCHSTONE GOLF LLC<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:25-cv-00469 |

**DEFENDANT TOUCHSTONE GOLF, LLC's NOTICE OF REMOVAL**

TO THE UNITED STATES DISTRICT JUDGE:

Defendant, Touchstone Golf, LLC, ("Defendant"), hereby removes this lawsuit currently pending in the 243rd Judicial District Court in El Paso County, Texas, Cause No. 2025DCV2178, to the United States District Court for the Western District of Texas, El Paso Division, pursuant to 28 U.S.C. 1441, and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

**BACKGROUND**

1. On May 13, 2025, Plaintiff filed his Original Petition styled *Lawrence Chavez v. Painted Dunes Desert Golf Course, a sole proprietorship, Javier Espino, and individual d/b/a Events, Light & Sound LLC, and Does 1-10*, in the 243rd Judicial District Court, 500 E San Antonio Ave #901, El Paso, Texas 79901, Cause No. 2025DCV2178, in which Plaintiff seeks to recover damages for personal injuries. *See* Exhibit A, Plaintiff's Original Petition.

2. On September 10, 2025, the Plaintiff filed his Amended Petition nonsuiting the above-referenced defendants and naming as the sole defendant Touchstone Golf, LLC. *See* Exhibit B, Plaintiff's First Amended Petition.

3. Defendant Touchstone Golf, LLC accepted service on September 15, 2025, and made a general appearance upon filing its Original Answer on October 6, 2025. *See* Exhibit C, Defendant Touchstone Golf LLC's Original Answer.

4. Plaintiff and Defendant Touchstone Golf LLC have demanded a jury trial.

5. Attached as Exhibit D is a certified copy of the state court docket sheet.

6. Attached as Exhibit E is the removal filing from the state court cause.

## GROUNDS FOR REMOVAL

7. This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### A. Parties are Diverse

#### i. <u>Plaintiff's Citizenship</u>

8. Plaintiff is a natural person who affirmatively alleges that he resides in Dona Ana County in the State of New Mexico. *See* Exhibit B at ¶ at 2. Plaintiff has not pled any other facts of his residency, intention to leave New Mexico, or domiciles in other states. *See Id.* Accordingly, Defendant asserts that, absent the same and based on Plaintiff's own allegations pled, Plaintiff's citizenship at the time of filing of this suit and at the time of removal is properly established in the State of New Mexico. *See O'Neal v. DePuy Synthes Sales, Inc.*, No. 19-CV-1328, 2019 WL 5569615, at *1 (W.D. La. Oct. 28, 2019) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006)) ("for purposes of federal subject-matter (diversity) jurisdiction," a natural person is "a citizen of but one State [and] [t]hat is the state in which the person is domiciled"); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313; and *Acridge v. Evangelical Lutheran Good*

*Samaritan Soc.*, 334 F.3d 444, 451 (5th Cir. 2003) (holding that the place of residence is prima facie evidence of domicile).

9. Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of filing of the suit and at the time of removal is properly established as the State of New Mexico. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

**ii. <u>Touchstone Golf LLC's Citizenship</u>**

10. For purposes of federal diversity jurisdiction, an LLC is a citizen of the state where it's organized or of the states of which its members are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1078 (5th Cir. 2008). Defendant Touchstone Golf LLC is a Delaware limited liability company, and its sole member is KemperSports Management, LLC, a Delaware limited liability company. The sole member of KemperSports Management, LLC, is KemperSports Management Holdings, LLC, a Delaware limited liability company. The membership of KemperSports Management Holdings, LLC, is composed of multiple LLCs and a corporation. None of these LLCs were formed in Texas. Likewise, none of the natural persons that are members these LLCs are citizens of Texas or New Mexico. The corporation was not incorporated in Texas or New Mexico nor is its principal place of business in Texas or New Mexico. Therefore, Touchstone Golf, LLC is not a citizen of Texas or Mexico for diversity purposes.

**B. Amount in Controversy**

11. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy – preferably in the removal petition,

but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

13. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he or she will not be able to recover more than the damages for which he or she has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

14. To determine the amount in controversy, the court may consider "penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against his insurance company).

12. Here, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's pleadings make the claim that he is seeking monetary relief in an amount within the jurisdictional limits of this court, "of over $1,000,000.00." *See* Exhibit B at ¶ 7.

13. Additionally, Plaintiff's Original Petition seeks the following categories of damages:

- Reasonable and necessary medical expenses in the past;
- Reasonable and necessary medical expenses that, in reasonable probability, Plaintiff may incur in the future;
- Physical pain and suffering in the past;
- Physical pain and suffering that, in reasonable probability, plaintiff will incur in the future;
- Mental anguish in the past;
- Mental anguish that, in reasonable probability, plaintiff will incur in the future;
- Past and future disfigurement;
- Physical impairment in the past;
- Physical impairment that, in reasonable probability, plaintiff will incur in the future;
- Lost wages in the past;
- Lost earning capacity; and
- Other injuries and damages as may become apparent and as may be proven at trial *See* Exhibit B ¶¶ 30 a-l

14. Plaintiff's pleading of damages clearly indicates an amount in controversy greater than the $75,000.00 jurisdictional threshold required by 28 U.S.C. *Troiani v. Allstate Ins. Co.,* No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006)(finding that the combination of the plaintiff's claim of maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).

15. Based on the foregoing, the amount in controversy exceeds $75,000.00.

16. Based on the foregoing, this Court has diversity jurisdiction.

**REMOVAL IS PROCEDURALLY PROPER**

17. On September 10, 2025, the Plaintiff filed his Amended Petition naming Touchstone Golf, LLC as the sole defendant. *See* Exhibit B. Defendant agreed to accept service of Plaintiff's First Amended Petition on September 15, 2025. *See id*. This notice of removal is timely filed as it is within thirty (30) days of the date Defendant Touchstone Golf LLC accepted service of Plaintiff's Amended Petition. *See* 28 U.S.C. §1446 (b)(1).

18. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court encompass El Paso County, Texas, the place where the State Court suit was filed.

19. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached hereto.

20. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the District Clerk of El Paso County.

**PRAYER FOR RELIEF**

Defendant Touchstone Golf, LLC, prays that this Honorable Court accepts jurisdiction over the state court action for the reasons set forth above, and grant it any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

S. McCarty
________________________________
**Jose "JJ" Trevino, Jr.**
State Bar No. 24051446
jtrevino@valdeztrevino.com
**Scott E. McCarty**
State Bar No. 24094826
smccarty@valdeztrevino.com
*Counsel for Defendant Touchstone Golf, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically with the United States District Court for the Western District of Texas, El Paso Division, with notice of case activity to be generated and sent electronically with notice to all counsel of record on this October 14, 2025.

Samuel I. Kane
1018 E. Amado
Las Cruces, NM 88001
(575) 526-5263
samuel@kane-injury.com
*Counsel for Plaintiff*

S. McCarty
**Scott E. McCarty**